330

MARYLAND CASUALTY COMPANY, peticionaria, *v*. LA CORTE DE DISTRITO DE GUAYAMA, P. R., HON. TULIO RODRÍGUEZ, JUEZ, demandada.

No. 684.—*Sometido:* Enero 13, 1930. *Resuelto:* Julio 15, 1930.

*Celestino Iriarte,* abogado de la peticionaria; *Attorney General James R. Beverley* y *T. Torres Pérez, Subprocurador,* abogados de la Comisión Industrial.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Resuelto por la Comisión Industrial de Puerto Rico el caso del obrero Atilano Acosta, fallecido a consecuencia de un accidente del trabajo, condenando a la peticionaria The Maryland Casualty Co. a pagar a los hijos menores de edad del obrero que de él dependían, la suma de dos mil dólares, The Maryland interpuso para ante la Corte de Distrito de Guayama el recurso de revisión que autoriza la sección 15 de la ley número 85 de 1928.

Remitido el récord por la Comisión y oídas las partes interesadas, la corte estimó justa y razonable la compensación fijada por la Comisión y ordenó a The Maryland que dentro del término de diez días después de notificada depositara en la secretaría de la corte la suma de $2,000, de la cual $1,850 correspondía a los beneficiarios y $150 al abogado de los mismos.

No conforme aún, The Maryland Casualty Co. acudió en *certiorari* ante este Tribunal Supremo. Expedido el auto, hemos examinado los procedimientos y no encontramos que exista falta de jurisdicción, ni que se haya cometido error de procedimiento alguno que autoricen a esta corte a intervenir.

La jurisdicción de la Comisión es clara. Practicó la investigación de ley. Se admite que el accidente era uno de los que la ley protege, y que para casos de muerte como lo fué el de Atilano Acosta la ley ordena que se pague a los beneficiarios una indemnización entre mil y tres mil dólares, tomándose en consideración la capacidad económica del obrero fallecido y sus probabilidades de vida, y distribuyéndose equitativamente entre los beneficiarios atendiendo su condición y necesidades, y grado de parentesco y dependencia.

Estableciendo los hechos la Comisión concluyó que el obrero fallecido tenía 60 años de edad, ganaba 85 centavos diarios y algo más con un pequeño negocio de quincalla que tenía, y dejaba cuatro hijos menores de edad que de él dependían para su subsistencia. Y apreciando las circunstancias, fijó, como se ha dicho, en dos mil dólares la compensación.

La jurisdicción de la corte de distrito es también perfectamente clara. Parece conveniente transcribir el citado artículo 15 de la ley número 85 de 1928. Dice:

"Cualquiera parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial o de una decisión de un Comisionado contra la cual no se haya radicado petición de revisión ante la Comisión en tiempo hábil o del *memorándum* del acuerdo entre las partes, aprobado por la Comisión Industrial, ante

la corte de distrito del distrito en que ocurrió el accidente solicitando la revisión de éste en el término de diez días después de la notificación. La corte ordenará a la Comisión Industrial la remisión del récord del caso, oirá a las partes en controversia, dictará la decisión pertinente y notificará a las partes. Las decisiones de la corte tendrán el mismo efecto que una sentencia dictada en juicio, pero no se dará apelación contra dicha sentencia.''

La corte siguió los trámites ordenados en ese artículo, oyó a las partes y estimó, como hemos consignado, justa y razonable la indemnización. La corte para ello tomó en consideración los hechos tales como fueron apreciados por la Comisión y como surgen del récord que ésta le remitiera y aplicó la ley de acuerdo con su mejor criterio.

Se insiste en que la indemnización es excesiva. La indemnización está dentro de los límites fijados por el estatuto y el mayor o menor acierto al fijar su cuantía habiendo en consideración las circunstancias del caso, no monta a una cuestión de jurisdicción, ni constituye un error de procedimiento.

*El certiorari, en tal virtud, es claramente improcedente y el auto expedido debe ser anulado devolviéndose el caso a la corte de distrito de su origen.*