VICENTA LÓPEZ, peticionaria, *v.* CORTE DE DISTRITO DE AGUADILLA, HON. T. TORRES PÉREZ, JUEZ SUSTITUTO, demandada.

No. 806.—*Sometido:* Febrero 1, 1932. *Resuelto:* Junio 8, 1932.

*F. O'Neill*, abogado de la peticionaria; *Juan B. Soto,* abogado de la aseguradora Maryland Casualty Company.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de *certiorari* establecido por Vicenta López contra la Corte de Distrito de Aguadilla, a fin de que se revise y se deje sin efecto una sentencia de dicha corte, que se alega fué dictada sin jurisdicción, por virtud de la cual se revocó una resolución de la Comisión Industrial en el caso de la muerte del obrero Bonifacio Rodríguez.

La falta de jurisdicción consiste según la peticionaria en que la apelación para ante la corte de distrito se interpuso por la compañía aseguradora y no por el patrono y en que la corte entró en la consideración de los hechos para resolver la cuestión que se le planteara.

Examinemos la primera cuestión. La ley que se cita como aplicable es la sección 24 de la No. 85 de 1928 que, en lo pertinente, dice:

"Sección 24.—     *     *     *     *     *     *     *

"Todos los recursos concedidos por esta Ley a los patronos podrán ejercitarse a nombre de ellos por sus aseguradores, incluso

por el Superintendente de Seguros cuando el patrono estuviere asegurado en el fondo del seguro del Estado.''

A nuestro juicio no tiene razón la peticionaria. El recurso que la aseguradora interpuso no se funda en la sección 24 invocada, sino en la 15 que expresa: .

''Sección 15.—Cualquiera parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial o de una decisión de un Comisionado contra la cual no se haya radicado petición de revisión ante la Comisión en tiempo hábil o del memorándum del acuerdo entre las partes, aprobado por la Comisión Industrial, ante la corte de distrito del distrito en que ocurrió el accidente solicitando la revisión de éste en el término de diez días después de la notificación. La corte ordenará a la Comisión Industdustrial la remisión del récord del caso, oirá a las partes en controversia, dictará la decisión pertinente y notificará a las partes. Las decisiones de la corte tendrán el mismo efecto que una sentencia dictada en juicio, pero no se dará apelación contra dicha sentencia.''

Para concluir que en un caso de esta naturaleza el asegurador del patrono del obrero fallecido cuyos herederos reclaman indemnización, es una parte interesada, basta leer las secciones 10, 11, 12 y 13 de la repetida Ley No. 85 de 1928. El mismo legislador le llama parte.

Además, en este caso concreto la resolución de que recurrió la compañía aseguradora, Maryland Casualty Co., ordena, al final, lo que sigue:

''Tomando en cuenta la edad del obrero y el jornal que ganaba se acuerda asignar la suma de $1,200 como indemnización que dedeberá pagar el asegurador Maryland Casualty Co.

''*          *          *          *          *          *          *          .

''La Maryland Casualty Co. deberá expedir un cheque por la suma de $84 para el Lcdo. Buenaventura Esteves por sus servicios profesionales, que representa el 70 por ciento de la suma total de $120. Otro cheque deberá ser expedido al Lic. Francisco O'Neill por la suma de $36, o sea el 30 por ciento de la suma de $120, por sus servicios profesionales prestados.

''El remanente que queda de la suma de $1,200 consignada como indemnización después de descontarse la suma de $120 para honorarios de los abogados, o sea, la suma de $1,080, deberá ser entregada

a los beneficiarios que la corte de distrito correspondiente reconociera como herederos del obrero occiso Bonifacio Rodríguez.''

Y una persona, natural o jurídica, a quien se imponen tales obligaciones por una resolución, es claramente una parte interesada en la misma.

Si la resolución se hubiera dictado contra el patrono, entonces el asegurador hubiera podido recurrir en su nombre de acuerdo con la sección 24. Pero aquí, siguiendo la pauta establecida en las secciones 10 y siguientes de la ley, los procedimientos se entendieron directamente con la compañía aseguradora y directamente se le ordenó el pago de la indemnización en la forma que dejamos expuesta. Siendo ello así, la compañía no necesitaba actuar a nombre del patrono, sino directamente también, como una de las partes interesadas a que se refiere la sección 15.

■ Tampoco tiene razón la peticionaria en la segunda cuestión. En la corte de distrito no se practicó nueva prueba. Lo que hizo la Corte fué revisar la practicada ante la Comisión Industrial y concluir que no había en ella elementos suficientes que demostraran que el obrero hubiere fallecido a consecuencia de la herida que se causara trabajando para el patrono asegurado por la Maryland Casualty Co. Sus propios razonamientos y conclusiones fueron expresados ampliamente en una resolución cuyo último párrafo dice:

''Toda la cuestión envuelta ahora se limita al único hecho de cuál fué la causa de la muerte del obrero Bonifacio Rodríguez, y no apareciendo del récord que la información prestada en su calidad de perito por el médico que atendió al enfermo y que también emitió la certificación de su muerte para su inscripción en el Registro Civil sea falsa, a tal extremo que quede eliminada por completo, y deje de ser evidencia admisible, y apareciendo por el contrario de todas las declaraciones prestadas y contenidas en el expediente que esa conclusión a que llegó el médico de cabecera no ha sido destruída, entendemos, y por la presente resolvemos que la resolución dictada por la Comisión Industrial de Puerto Rico y que ahora se revisa debe ser revocada por no estar fundada en evidencia alguna y declaramos que Bonifacio Rodríguez murió a consecuencia de una pulmonía,

tal y como lo certificó y declaró el mismo médico que lo atendió en esa enfermedad, enfermedad no comprendida en la Ley No. 85 de 1928, y no existe derecho alguno a favor de persona alguna para recibir compensación alguna en este caso por su muerte, a excepción de la que le pueda corresponder por el tiempo que duró la incapacidad parcial por motivo de la herida que recibió en enero 4 de 1929. Notifíquese.''

En el caso de *Maryland Casualty Co.* v. *Corte de Distrito de Guayama,* 41 D.P.R. 330, 332, esta Corte, después de exponer los hechos y transcribir la sección 15 de la Ley No. 85 de 1928, se expresó así:

''La corte siguió los trámites ordenados en ese artículo, oyó a las partes, y estimó, como hemos consignado, justa y razonable la indemnización. La corte para ello tomó en consideración los hechos tales como fueron apreciados por la Comisión y como surgen del récord que ésta le remitiera y aplicó la ley de acuerdo con su mejor criterio.''

*Debe anularse el auto expedido y declararse sin lugar la solicitud.*

El Juez Asociado Señor Córdova Dávila no intervino.